THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SARAH MAZZIOTTI, ) | Case No. 2:12CV01021 DS |
| Plaintiff, ) | |
| vs. ) | |
| ) | MEMORANDUM DECISION AND ORDER |
| FAIR DINKUM, LLC ET AL., ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Plaintiff complains that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. In response to the Complaint, Defendants have filed a Motion to Dismiss for Failure to State a Claim (Doc. #7).  Because matters outside the pleadings were presented and not excluded, pursuant to Fed. R. Civ. P. 12(d) the Court converted the Motion to one for summary judgment under Fed. R. Civ. P 56.  Notice of the conversion was given to the parties on February 7, 2013.

The facts underlying this matter involve efforts by Defendants Cannon Law Associates ("Cannon Law") and Fair Dinkum, LLC ("Fair Dinkum") to collect a debt allegedly owed by Plaintiff.  The Complaint contains one claim for relief for the alleged violation of the FDCPA.  Specifically, Plaintiff asserts that Defendants violated the FDCPA when they (1) failed to provide her with the notice required by 15 U.S.C § 1692g(a), (2) continued to contact

her without first providing validation of the debt after she disputed the debt in writing, and (3) used "false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant Cannon Law representing in its validation response on behalf of Fair Dinkum that Plaintiff's time for validation had expired." Compl. ¶12.

In their Motion, Defendants state the following facts. On August 3, 2011, Cannon Law mailed a demand letter (the "Letter") to Plaintiff at her address in Riverton, Utah.[1] Plaintiff failed to respond to the Letter within the required 30 days. On March 23, 2012, Fair Dinkum initiated a civil action against Plaintiff in state court. On June 27, 2012, Plaintiff requested a debt validation. On November 27, 2012, Plaintiff served Cannon Law in this matter.

## II. SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of

---

[1] A copy of the Letter is attached to the Motion as an exhibit.

material fact is on the moving party.[2]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

### III.  DISCUSSION

As noted, Plaintiff alleges violation of the FDCPA in three specific ways.

### A. Failure to provide Plaintiff with the notices required by 15 U.S.C § 1692g(a).

Plaintiff complains that Defendants failed to give her notice as required by 15 U.S.C. § 1692g.  Compl. at ¶10.  A debt collector must either provide in the initial communication, or in a

---

[2]Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

communication within five days of the initial communication, a written notice containing certain information. 15 U.S.C. § 1692g(a).

Defendants state that on August 3, 2011, Cannon Law on behalf of Fair Dinkum sent Plaintiff such a communication. Defendants have submitted to the Court what they represent to be a copy of the Letter. On its face that Letter supports Defendants' position that Plaintiff was given adequate notice under 15 U.S.C. §1692g(a).

In response, Plaintiff conclusorily asserts only that because the letter is "not authenticated" it is not admissible.[3]

The Court disagrees with Plaintiff's position that the Letter is not admissible as evidence for purposes of the present motion.

---

[3]After so asserting, Plaintiff clarifies that "[i]n any case, Plaintiff does not accuse Cannon Law Associates of failing to send a letter pursuant to 15 USC 1692g(a), it has instead accused Fair Dinkum of failing to send such a letter, so the evidence of the alleged 2011 letter is completely irrelevant." Mem. Opp'n at 2.
  Plaintiff does not offer, and the Court is not aware of any legal basis for her position that the creditor, rather that the creditor's attorney, is required to provide notice pursuant to section 1692g(a). That section requires that a "debt collector" shall send the consumer a written notice. Plaintiff alleges that "Defendants are each a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a(6)." Compl. ¶6. "Debt Collector" is defined to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff alleges that Cannon Law is "engaged in the business of collecting debts by use of the mails and telephone. Defendant Cannon regularly attempts to collect debts alleged due another." Compl. ¶5. Thus, it is undisputed that Defendant Cannon Law is a debt collector for purposes of the present action.

4

"While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, the content or substance of the evidence must be admissible." *Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009)(citation and internal quotation marks omitted). Subject to a few exceptions, relevant evidence is admissible evidence. Fed. R. Evid. 402. "Evidence is relevant if: (a)it has any tendency to make a fact more or less probable that it would be without the evidence; and (b)the fact is of consequence in determining the action." *Id*. at 401. Clearly the letter is relevant to whether Plaintiff received adequate notice under § 1692g.

Contrary to Plaintiff's position, an affidavit is not required to authenticate every document submitted for consideration at summary judgment. *Law Co.,Inc.*, 577 F.3d at 1170.[4] "[T]he requirement of authenticating or identifying an item of evidence [is satisfied if] the proponent ... produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The Rule can be satisfied by evidence

---

[4]*See id*.
By the text of Rule 56, affidavits are merely one form of submission that can demonstrate a genuine issue of material fact. Fed. R. Civ. P. 56(c)("The judgment sought should be rendered *if the pleadings, the discovery and disclosure materials on file, and any affidavits* show that there is no genuine issue as to any material fact and that the movant is entitled to judgment at a matter of law." (emphasis added [in original]).

about "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *id*. at 901(b)(4); *see also Law Co.*, 577 F.3d at 1170-71 (exhibits might be sufficiently authenticated taking into consideration the characteristics set forth in Rule 901(b)(4)).

Based on the circumstances presented and for purposes of the present motion, the Court finds that the appearance, content and substance of the Letter are indicative of its origin and provide sufficient evidence to support a finding that the Letter is what Defendants claim it is. The Letter is on Cannon Law letterhead and addressed to Plaintiff. It references Fair Dinkum as the successor in interest to Chase Manhattan Bank USA NA, and identifies the last five digits of a specific Account Number identified with Plaintiff. The Letter references specifics of the alleged debt, including the principal balance due, plus a specific amount of accrued interest at a particular rate from a particular date. These are facts or matters not of common knowledge. Defendants have no apparent motive to send the Letter absent a legitimate business reason. Moreover, Plaintiff has not denied that she received the Letter, or that what she received is in a form different from what is represented. Indeed, Plaintiff affirmatively states that she "does not accuse Cannon Law Associates of failing to send such a letter pursuant to 15 USC

1692g(a), it [she] has instead accused Fair Dinkum of failing to send such a letter ...." Mem. Opp'n at 2.

Plaintiff has not put in dispute any of the facts relied upon by Defendants in support of their converted motion for summary judgment. As noted, once the moving party has met its burden of production, the burden shifts to the nonmoving party to establish that there is a genuine issue of material fact. This Plaintiff has failed to do.

The Court rejects Plaintiff's alternative position that "even if it [the Letter] were admissible the Court is aware that under our Federal rules each party is entitled to an opportunity to examine the evidence and conduct discovery before the facts can be decided in either side's favor, and facts are not decided by

unsupported factual allegations in the pleading state, as much as that might please Defendants here."[5]  Mem. Opp'n at 2.

### B. Failure to Provide Validation of the Debt.

Plaintiff next complains that after she disputed the debt in writing to Fair Dinkum, Cannon Law "sent a validation response instead of Fair Dinkum, which is not legally sufficient because it does not validate Fair Dinkum's right to collect. Thereafter, Fair Dinkum, LLC continued with collection in violation of 15 USC 1692g(b)."  Comp. at ¶11.

The undisputed facts reflect that Plaintiff did not request a debt validation until June 27, 2012, well beyond 30 days that began to run when notice under § 1692g was provided by Cannon Law in the

---

[5] Plaintiff's apparent attempt to invoke Fed. R. Civ. P. 56(f) fails.  With respect to rule 56(f) motions, the Tenth Circuit instructs as follows.
> "Unless dilatory or lacking in merit, the motion should be liberally treated." ... **A prerequisite to granting relief, however, is an affidavit furnished by the nonmovant**....  Although the affidavit need not contain evidentiary facts, **it must explain why facts precluding summary judgment cannot be presented. ... This includes identifying the probable facts not available and what steps have been taken to obtain these facts. ... In this circuit, the nonmovant also must explain "how additional time will enable him to rebut movant's allegations of no genuine issue of fact."**

*Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citations omitted)(emphasis added). *Accord*, *Garcia v. U. S. Airforce,* 533 F.3d 1170,1179 (10th Cir. 2008); *Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 731 (10th Cir. 2006), *cert. denied*, 550 U.S. 969 (2007).  Plaintiff has not complied with any of foregoing prerequisites.

Letter and received by Plaintiff.[6] The validation provision of § 1692g(b) applies upon the timely receipt by the debt collector of a written notice from the consumer. *See* 15 U.S.C. § 1692g(b). As Defendants note, "[t]here is no language in the FDCPA which requires an additional validation of the debt if no request is received within the thirty day validation period." Mem. Supp at 4. Plaintiff had not provided any authority to the contrary, and the Court is unaware of any.

### C. False representations and Deceptive Practices Regarding Plaintiff's Validation Request.

Finally, Plaintiff complains that Defendants used

> false representations and deceptive practices in connection with collection on an alleged debt from Plaintiff, including Defendant Cannon Law representing in its validation response on behalf of Fair Dinkum that Plaintiff's time for validation had expired. Plaintiff's time for validation had not expired as of the time of that writing because Fair Dinkum, LLC, had never sent a letter to Plaintiff after Plaintiff's initial communication with them and therefore Plaintiff's 30-day dispute period never expired, as it only begins running when Plaintiff receives Fair Dinkum's letter complying with 15 USC 1692g(a)....

Compl. ¶12.

As noted, because Plaintiff's validation request was untimely, the valuation provision of § 1692g(b) is inapplicable. And as

---

[6]*See* 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period that the debt ... is disputed ... the debt collector shall cease collection of the debt ... until the debt collector obtains verification of the debt... and a copy ... is mailed to the consumer by the debt collector.").

Defendants note, there is no statutory language or case authority specifically requiring the creditor to directly provide validation, rather than some other authorized party.

### III.   CONCLUSION

For the reasons stated, Defendants Motion to Dismiss (Doc. #7), which has been converted to a Motion for Summary Judgment, is granted.  The Clerk of Court is requested to enter judgment for Defendants.

IT IS SO ORDERED.

DATED this 18th day of March, 2013.

BY THE COURT:

*David Sam*
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT